# Appeal of Thomas C. Gabler, Admr. of J. C. Gabler, Deceased.

# Appeal of Benjamin G. Williams, Admr. of Charles Williams, Deceased.

A man's declarations against his interest are to be taken as true and construed most strongly against him.

An administrator having a debt due him from the estate must comply with the statutory regulations in order to continue its lien beyond the prescribed time.

Where there is fraud in the action of the administrator in not paying over the shares of the estate to heirs who are under his guardianship, the statute of limitations only runs from the discovery of the fraud.

(Decided October 18, 1886.)

Appeals from a decree of the Common Pleas of Greene County distributing the proceeds of the sale of the real estate of David R. Jones. Affirmed.

October 6, 1884, the sheriff of Greene county sold the real estate of David R. Jones upon a fi. fa. issued upon a judgment ·in favor of Elmer Cagey, executor of Samuel W. Cagey, against Mrs. R. R. Jones and David R. Jones. October 21, 1884, upon petition of creditors, the money arising from said sale, *viz.,* $5,219.88, was paid into court, and the same day an auditor was appointed to distribute the money in court to and among the parties legally entitled thereto.

The auditor reported as follows:

It is admitted that the hotel property, which is a part of the real estate sold, is the same that was taken by David R. Jones in partition, as an heir of his father's estate, at No. 3, March court, 1866; that John Jones, the father of D. R. Jones, died November 4, 1865, leaving five children, to wit: David R. Jones, Mary Jones, intermarried with Ellis Stephenson, Ann

NOTE.—For the effect of fraud on the running of the statute of limitations, see note to Stewart v. McBurney, 1 Sad. Rep. 234.

The administrator stands in the same position as other creditors as to a claim against the decedent's estate. Ex parte Meason, 5 Binn. 167; Nace's Appeal, 4 Pa. Super. Ct. 615; Clauser's Estate, 1 Watts & S. 208. This is true though the money was advanced to pay claims against the estate. In such case he is subrogated to the rights of the creditor. Demmy's Appeal, 43 Pa. 155; McKerrahan v. Crawford, 59 Pa. 390.

Jones, intermarried with Miles Martin, James S. Jones, and William Jones, all of whom are now of age and alive. John Jones's wife died about the year 1859.

The contest over the principal part of the fund is between certain heirs of John Jones, claiming by virtue of the lien of a recognizance in partition in the orphans' court of this county at No. 3, March court, 1866, and the judgment creditors of D. R. Jones. A part of the fund arising from the sale of a house and lot, amounting to $225, is conceded by the heirs as not bound by the lien of the recognizance.

The following undisputed facts appear from record testimony in this matter: On March 20, 1866, letters of administration on the estate of John Jones, deceased, were granted to D. R. Jones, his son, and on the same day, on petition of D. R. Jones, he was made guardian of his brother, William Jones, and his sister, Ann Jones, now Ann Martin (who at that time were both minors and above the age of fourteen years, William being born about February 23, 1852, and Ann was born March 9, 1850, as matter of fact). D. R. Jones settled his first account as administrator of John Jones, his father, in response to citation to No. 22, September court, 1867, showing a balance due him of $4,-728.11. This was excepted to by Ellis Stephenson, for his wife, but the exceptions were withdrawn subsequently by her attorney at her instance. Prior to the settlement of this account, on March 20, 1866, partition of the real estate of John Jones, deceased, had been awarded, and it had been appraised at $2,550. Upon a rule on the heirs to choose or refuse at the valuation or bid for said realty, it was bid to $3,000, and under the then existing law, D. R. Jones, being the eldest son, agreed to take the property at that price. He then entered into a recognizance in the sum of $6,000, conditioned for the payment to the other heirs of their respective shares in one year from date, with interest; the date of the recognizance being September 17, 1866.

On January 3, 1883, D. R. Jones presented a supplemental account as administrator of his father, in which, among other entries, he charged himself with the $3,000 secured by the recognizance in partition and credits himself with $4,728.11 balance due him on settlement of his first account, and the interest thereon, amounting to $1,607.55.

To this account exceptions were filed by William J. Jones, and C. C. Brock, Esq., was appointed auditor by this court to

pass on the same. The said auditor filed his report to No. 26, January court, 1883, on April 11, 1884, surcharging accountant with $821.91, money not accounted for by the administrator, and refusing to allow the credit on the balance on former settlement due the administrator, either as a set-off or in satisfaction of the shares of William J. Jones and Ann Martin under the recognizance in partition, the other heirs not making any claim against accountant on account of the recognizance. Which said report of the auditor, having been excepted to on these grounds, was confirmed by the court, and its decision stands unappealed from.

This is the situation at present as to the heirs, with the exception that James S. Jones now claims under the recognizance and as a judgment creditor of David R. Jones. And in order to dispose of the claim of James S. Jones, we say without hesitation that he is not entitled to and should not receive any part of the fund in court. That he is a creditor of his brother may be true, but he must take his chances now among the other creditors. The evidence is abundant that he should have nothing under the recognizance. He was of age during all these proceedings, and acquiesced in and acknowledged, so far as he was concerned, that David should treat his share in his father's estate as paid. In a great many ways, and to different persons at different times, under oath and in conversation with friends, he said he was satisfied. So far as James S. Jones is interested, the recognizance may be treated as merged in the debt due David R. Jones upon his first settlement of his father's estate. A man's declarations against his interests are to be taken as true and construed most strongly against him. There is sufficient in the testimony of James S. Jones before Auditor Brock, to say nothing of his declarations to others, to warrant us in this conclusion.

Now, as to the claims of the other recognizees, William J. Jones and Ann E. Martin and those of the lien creditors of David R. Jones: the matter of the right of D. R. Jones to take credit for this recognizance on the balance due to him from his father's estate on his settlement at No. 22, September court, 1867, was expressly decided upon an exception to his supplementary account filed January 3, 1883, to No. 26, January court, 1883, as reported upon by Auditor Brock. In that matter the last exception was: "The accountant has no right to ap-

propriate the $3,225 arising from the partition of the real estate of the decedent to the payment of debts."

Mr. Brock made an elaborate report in which the right to appropriate the recognizance by the administrator in payment of his debt against the estate of John Jones, deceased, was fully discussed and decided against the administrator, and his decision was affirmed by the court. If D. R. Jones could not thus appropriate and wipe out the recognizance for his claim, how much better are the creditors of D. R. Jones than he? They are mere volunteers and placed themselves in the position they now occupy. Your auditor considers the question as res judicata, and for the reasons contained in the report of C. C. Brock, Esq., the auditor in the former matter.

The doctrine of merger, argued by counsel for creditors as applicable here, with all deference to legal acumen and ingenious argument, we think does not apply. In the mind of your auditor no doctrine of law will apply to defeat the claims of heirs situated as William J. Jones and Ann E. Martin were at the time D. R. Jones, the brother and guardian and administrator, filed his first account by which he brought the estate of his father out indebted to him in the sum of $4,728.11. While there may have been, technically speaking, a confusion of rights existing after the confirmation of the account in which D. R. Jones was made the creditor of the estate of his father, it would have been an easy matter for D. R. Jones to have brought order out of confusion by employing any of the many remedies open to him under the law. He could have filed his balance due him in the orphans' court of record in the common pleas, and thus prevented the statute of limitations from running against his claim, as it has done, in bar of his rights against the estate of his father as a creditor; or he could have resold the property upon petition for payment of his debt; or he could have asked the court to have the recognizance marked satisfied, upon a petition to set it off against his claims.

Either of these proceedings would have resulted in the sanction of judicial authority, and would have put the two recognizees who were his wards in a situation by which their rights could have been defended and adversely disposed of. As it is, under the testimony, they have had no show to defend themselves or be defended. Under the circumstances, the argument that the statute of limitations should bar their claims is startling. The

persuasive facts by which the statutory time is sought to be shortened are all the other way, and tend to lengthen it.  There was legal if not actual fraud in the action of the administrator, and of course the statute would only run from its discovery by his wards, which, according to the testimony of Wm. J. Jones and Ann E. Martin, was not until the latter part of the year 1882.  Your auditor has sought in vain for any reasons why those two recognizees, Ann Martin and Wm. J. Jones, should not be paid their full shares under the recognizance of September 17, 1866, and failing to discover any, either in law or in the facts before him, hereby finds that they should be paid in full, and so orders.

Besides this, it is clear to the mind of your auditor that the recognizees other than William J. Jones and Ann E. Martin, to wit., Mary Stephenson and James S. Jones, have been satisfied.  Mrs. Stephenson had had exceptions filed to the first account of the administrator, and they were withdrawn by her upon a satisfactory compromise with the administrator, D. R. Jones.  James S. Jones acknowledged himself satisfied, as before shown; leaving only the two, William and Ann, who were under the guardianship of the administrator, without anything.

.  .  .  .  .  .  .  .  .

As the claims of the lien creditors are not disputed, the balance of the fund is applied to their payments, in order of priority, with interest to date of sheriff's sale, October 6, 1884.

Thomas C. Gabler, administrator of John C. Gabler, deceased, a judgment creditor of David R. Jones, filed the following exceptions to the report of the auditor:

1. The auditor erred in holding that the court decided the question now pending between the recognizees and the judgment creditors of David R. Jones in favor of the former by confirming Mr. Brock's report.

2. The auditor erred in not holding that the debt due upon the recognizance was merged in the debt due the recognizor from the estate of John Jones, deceased.

3. The auditor erred in not finding as a matter of fact, upon the evidence before him, that David R. Jones and his brothers and sisters regarded the recognizance as paid and satisfied by the application thereto of an equal amount of the debt due the said David R. from the estate of his father.

4. The auditor erred in finding "that there was legal if not actual fraud in the action of the administrator."

5. The auditor erred in awarding any part of the fund to either Ann Martin or William Jones.

6. The auditor erred in not awarding that judgments of Gabler against David R. Jones should be paid in full.

Benjamin G. Williams, administrator of Charles Williams, deceased, joined in the first, second, third, fourth, and fifth exceptions filed by Thomas C. Gabler, and further excepted to the report of the auditor as follows, viz.:

The auditor erred in not awarding that the five judgments of Williams against David R. Jones should be paid in full.

On the hearing of the above exceptions, STOWE, P. J., delivered the following opinion and decree:

"After a careful consideration of the exceptions filed to the auditor's report in this case, I am unable to find any satisfactory reason for differing from the conclusion arrived at by him in regard either to the facts or law. I am therefore compelled to dismiss the exceptions filed to the same, and direct that said report be absolutely confirmed."

Whereupon the exceptors took this appeal, assigning as error the action of the court: 1. In holding that David R. Jones's recognizance was not satisfied as to Ann Martin and William Jones. 2. In decreeing that Ann Martin and William Jones be paid their shares of the recognizance in full with interest. 3. In not decreeing that the judgments of the administrator of John C. Gabler, deceased, No. 242, October T., 1884, and No. 72, April T., 1881, be paid in full. 4. In not decreeing that the judgments of the administrator of Charles Williams, deceased, 167, April T., 1884, 79, October T., 1880, 91, April T., 1881, 32, April T., 1883, and 110, April T., 1884, be paid in full. 5. In confirming the report of the auditor.

*Black & Wyly* and *Buchanan & Walton*, for appellants.—The doctrine of the presumption of payment is strictly applicable here. That doctrine is thus stated in Briggs's Appeal, 93 Pa. 485: "While the general rule undoubtedly is that the presumption of payment of a claim founded on a decree would not arise until twenty years have elapsed, it is well settled that a shorter

period than that, aided by circumstances which contribute to strengthen such presumption, may furnish sufficient grounds for inferring the fact of payment." See also Webb v. Dean, 21 Pa. 29.

To aid presumption of payment from lapse of time, evidence of the needy circumstances of the obligor would in most cases be competent. Hughes v. Hughes, 54 Pa. 240.

In Ross v. M'Junkin, 14 Serg. & R. 364, the jury presumed a debt paid after the lapse of fourteen years.

In Lee v. Newell, 107 Pa. 284, a delay of seven or eight years in bringing suit on a specialty was held to be some evidence of payment.

Here the facts were not in controversy at all, but the question was what inference should be drawn from the admitted facts. It was strictly a legal question which the court ought to decide without any reference to the opinion of the auditor. Hindman's Appeal, 85 Pa. 470.

*Ray & Axtell*, for appellees.—Auditor Brock, after subjecting the questions submitted to him to a careful and thorough examination, found that the recognizance had not been satisfied, and that it continued to be a valid and subsisting lien upon the real estate bound thereby; and from the decree confirming his report no appeal has been taken.

That question, in the light of the facts and the law applicable thereto, is *res judicata*. Act of March 29, 1832 (2 Purdon's Digest, p. 1279); Painter v. Henderson, 7 Pa. 48; Lockhart v. John, 7 Pa. 137; Garber v. Com. 7 Pa. 265; M'Pherson v. Cunliff, 11 Serg. & R. 431, 14 Am. Dec. 642.

The lien of the debts of a decedent, as against his real estate, are lost and gone after the lapse of five years from his decease, unless the necessary steps have been taken, within that period, to secure their continuance. Com. v. Pool, 6 Watts, 32; Wallace's Appeal, 5 Pa. 103; Penn v. Hamilton, 2 Watts, 53; Keenan v. Gibson, 9 Pa. 249; Seitzinger v. Fisher, 1 Watts & S. 293.

The fact that the administrator of an estate is also a creditor of that estate does not relieve him from a strict compliance with the statutory regulations if he would continue the lien of his debt beyond the prescribed time. Clauser's Estate, 1 Watts & S. 208; M'Curdy's Appeal, 5 Watts & S. 397; Demmy's Appeal, 43 Pa. 155; Dreisbach's Appeal, 17 Pa. 120; Loomis's Appeal, 29 Pa. 237.

PER CURIAM:

The facts and law of this case are so well stated in the auditor's report that we regard an extended review of the decree of the court approving it wholly unnecessary.

The decree is affirmed as to each of the above-staetd appeals, at the costs of the appellants.